Dear Mr. Giordano:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Jefferson Parish Hospital Service District #2, doing business as East Jefferson General Hospital. Your question is whether the hospital service district may pay for an advertisement containing the name and picture of a public, official as one of twenty thousand members of the hospital's foundation as a means of asking others to join the hospital's foundation.
We recognize that R.S. 43:111.1 provides as follows:
 No public funds shall be used in whole or in part for the payment of the cost of any advertisement containing therein the name of any public official whether elected or appointed: provided, however that the provisions of this Section shall in no case be construed to apply to advertisements or notices required or authorized by law to be published or to any advertisements placed by any public agency or body authorized by law to advertise in the furtherance of its functions and duties.
However, Chapter 10 of Title 46 is entitled "Hospital Service Districts", and Part 11, relative to "Enhanced Ability to Compete", was enacted in 1984, Act No. 322. Sec. 1. The Legislature declares in R.S. 46:1071 that it finds the market for hospital and health care increasingly competitive thereby forcing market strategies in order to effectively compete. In furtherance of the ability to compete the Legislature has provided in R.S. 46:1075 as follows:
 In addition to the powers and duties otherwise provided and notwithstanding the provisions of R.S. 43:111 et seq. or any other law to the contrary, a hospital service district commission and any health facility owned or operated by such commission may advertise in any medium including but not limited to a newspaper, book, pamphlet, billboard, periodical, or radio and television station.
Based upon the Legislative intent expressed clearly in R.S.46:1075 we must conclude that the provisions of R.S. 43:111.1 do not apply to hospital service districts. Accordingly, by Act 332 Sec. 1 of 1984 we find no prohibition to the use of public funds for an advertisement that utilizes the name of a public official in order that the hospital service district may effectively compete in the hospital and health care field.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0011f